BEFORE THE FIRST DIVISION, APRIL 30, 1942

No. 47133.—Protest 36757–K/89500 of W. Braun Co. (Chicago).

Opinion by OLIVER, P. J. A bottle and unground stopper were received in evidence as exhibit 1. Appearing on the bottle were the words "Recher's Muscatel." The only witness in the case, the general manager of the importing concern, testified, among other things, that the bottles filled with wine had been imported specifically for D. Recher & Co. as containers "for their port, sherry, and muscatel wines"; and that all of the bottles were of the same character and appearance excepting the descriptive lettering, some having the lettering "Recher's Port" and "Recher's Sherry." He further testified that while all bottles could be used on the table, generally a bottle that is marked in a commercial manner such as this one is hardly suitable for that purpose. The court was of the opinion that the loose stopper in the instant case does not render the bottle here involved unsuitable for holding wine, as testified to by the witness, whatever may be said of the unsuitability for transportation purposes. It was held that the uncontradicted testimony of this witness as to the use of the merchandise was sufficient to overcome the presumption of correctness attaching to the collector's classification. It was therefore found that the bottles in question were not for table service but for the holding of wine. The claim at 1 cent per pound under paragraph 217 was therefore sustained. *DeBoer* v. *United States* (T. D. 44301) cited.

BEFORE THE SECOND DIVISION, APRIL 30, 1942

No. 47134.—Protests 42513–K, etc., of Armand Schwab & Co., Inc. (New York).

Opinion by TILSON, J. It was stipulated that the hemp knotted straw hats in question are similar to those involved in Abstract 46497. In accordance therewith the claim at 25 percent under paragraph 1504 (b) (1) was sustained.